```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
---------------------------------------X

TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, AND ANNUITY FUNDS; and THE
TRUSTEES OF THE LOCAL 1010 APPRENTICESHIP
SKILL IMPROVEMENT, AND TRAINING FUND,

                  *Plaintiffs*,

    -against-

TRAC CONSTRUCTION GROUP, INC.,

                  *Defendant*.

---------------------------------------X

**MEMORANDUM AND ORDER ADOPTING R&R**
23-CV-7545 (KAM)(SJB)

**KIYO A. MATSUMOTO, United States District Judge:**

    On October 10, 2023, Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement, and Training Fund ("Plaintiffs" or "Funds"), commenced this action against Defendant Trac Construction Group, Inc., ("Trac" or "Defendant") pursuant to the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145.  (*See* ECF No. 1 ("Compl.") ¶ 1.)

    After Defendant was served and failed to appear, Plaintiffs requested and received a Certificate of Default from the Clerk of Court.  (ECF No. 11, Clerk's Entry of Default dated November 14,

1

2023.) Plaintiffs subsequently moved for default judgment on January 12, 2024, in compliance with Local Rule 55.2. (*See* ECF Nos. 13-19.) Because this case was previously assigned only to Magistrate Judge Bulsara pursuant to the Pilot Program established by EDNY Administrative Order 2023-23, the undersigned was subsequently assigned to this case on August 14, 2024, to rule on Plaintiff's pending motion. Judge Bulsara issued a *sua sponte* Report and Recommendation ("R&R") on the same date, August 14, 2024. (ECF No. 20.) Plaintiffs subsequently submitted a letter on August 14, 2024, requesting reconsideration of certain calculations made in Judge Bulsara's R&R, (ECF No. 21), and Judge Bulsara issued an amended R&R[1] on the same date revising certain calculations based on Plaintiffs' letter, (ECF No. 22, Amended R&R).

Presently before the Court is the Amended R&R issued by Judge Bulsara on August 14, 2024, recommending that the Court grant default judgment against Defendant as to liability on Plaintiffs' ERISA and LMRA claims (Amended R&R at 13-14), as well as awarding Plaintiffs the following relief:

> (1) Delinquent contributions of **$60,792.00**, and union assessment fees totaling **$3,528.78** for the period of January 2020 through April 2020, pre-judgment interest thereon at an annual rate of 10 percent to be calculated

---

[1] Unless otherwise specified, all references to the "R&R" in this Order refer to Judge Bulsara's Amended R&R.

2

upon the entry of a final judgment, and liquidated damages of **$6,049.20**;

(2) Delinquent contributions of **$119,318.55**, and union assessment fees totaling **$ 6,649.50** for the periods July 2020, and March 2021 through June 2021, pre-judgment interest thereon at an annual rate of 10 percent to be calculated upon the entry of a final judgment, and liquidated damages of **$11,931.85**;

(3) **$22,888.27** in pre-judgment interest for the periods of January 2020 through April 2020, and **$32,510.34** in pre-judgment interest for the periods of July 2020 and March 2021 through June 2021, with pre-judgment interest calculated as of January 12, 2024, and **$49.35** in pre-judgment interest per day between January 12, 2024, and the day judgment is entered;

(4) Late payment interest of **$6,095.94** on contributions that were paid late but in full, specifically those for February through March 2020, June 2020, August 2020 through January 2021, and July 2021;

(4) Post-judgment interest calculated at the statutory rate pursuant to 28 U.S.C. § 1961; and

(5) Attorneys' fees of **$ 3,870.00** and expenses of **$500.79**.

(See id. at 26-27; see also id. at 15-26.)

As explicitly noted at the end of Judge Bulsara's Amended R&R, any objections to the Amended R&R were due within "14 days of service of this report." (Id. at 27.) Plaintiffs served the Amended R&R on Defendant by mail and email on August 15, 2024, and thus any objection was due by August 29, 2024. (See ECF No. 23, Certificate of Service dated August 15, 2024.) The statutory

3

period for filing objections has now expired, and no objections to Judge Bulsara's Amended R&R have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that there is no clear error on the face of the record." *Urena v. People of State of New York*, 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001) (quoting *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Accordingly, upon a careful review of the Amended Report and Recommendation and the record in this case and considering that neither party has objected to any of Judge Bulsara's thorough and well-reasoned recommendations, the Court finds no clear error in the Amended Report and Recommendation and hereby affirms and adopts it as the opinion of this Court with one modification.

In calculating liquidated damages on unpaid contributions for the period of January to April 2020, Judge Bulsara found that "[t]en percent of the unpaid contributions awarded for January through April 2020 ($60,792.00) is $6,049.20." (Amended R&R at 21.) The Court corrects this minor calculation error and awards **$6,079.20** in liquidated damages for the period of January to April 2020, which is 10% of $60,792.00. This results in a total award

4

of liquidated damages for all periods of $18,011.05, consistent with the Plaintiffs' original request. (*See* ECF No. 18, Plaintiffs' Memorandum of Law, at 15.) Because pre-judgment interest is only calculated based on the unpaid contributions themselves, and not on liquidated damages, no further modification is necessary to account for this minor error. (*See* Amended R&R at 18-19.)

Accordingly, the Clerk of Court is directed to enter judgment awarding Plaintiffs: (1) **$60,792.00** in delinquent contributions, **$3,528.78** in union assessment fees, and **$6,079.20** in liquidated damages for the period of January 2020 through April 2020; (2) **$119,318.55** in delinquent contributions, **$6,649.50** in union assessment fees, and **$11,931.85** in liquidated damages for the period of July 2020, and March 2021 through June 2021; (3) **$67,143.91**[2] in pre-judgment interest on delinquent contributions; (4) **$6,095.94** in late payment interest; (5) attorney's fees and expenses in the amount of **$4,370.79**; and (6) post-judgment interest at the statutory rate. Plaintiffs are therefore entitled to a total amount of **$285,910.52** plus post-judgment interest.

---

[2] **$22,888.27** in interest through January 12, 2024, for unpaid contributions for the period of January 2020 through April 2020 added to **$32,510.34** in interest through January 12, 2024, for unpaid contributions for July 2020 and March through June 2021, with combined daily interest in the amount of **$49.35 per day** between January 12, 2024, and September 6, 2024, for a total of **238 days** of interest, **$11,745.30,** added to the sum.

The Clerk of Court is respectfully directed to enter judgment as set forth above and to close the case. Plaintiffs are ordered to serve a copy of this Memorandum and Order and the judgment on Defendant, and to file proof of service within three business days after the Clerk of Court enters judgment.

**SO ORDERED.**

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

Dated:    September 6, 2024
          Brooklyn, New York